**Steven D. SOLTAR, Plaintiff,**

v.

**The POSTMASTER GENERAL OF the UNITED STATES, John W. Macy, Jr., Chairman of the U. S. Civil Service Commission, L. J. Andolser, Member, Robert E. Hampton, Member, Cecil Poole, U. S. Attorney, Ramsey Clark, U. S. Attorney General, Defendants.**

Civ. No. 46810.

United States District Court
N. D. California.

Dec. 8, 1967.

Jerome B. Falk, Jr., San Francisco, Cal., and Marshall W. Krause, American Civil Liberties Union of Northern Cal., San Francisco, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., and Robert N. Ensign, Asst. U. S. Atty., San Francisco, Cal., for defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

WOLLENBERG, District Judge.

This is an action to enjoin defendants from requiring that applicants for federal employment answer certain questions regarding their membership in variously described organizations. Plaintiff applied for a position with the Post Office Department. He filled out the application form, answering all questions except the following:

"7. Are you now, or have you ever been a member of the Communist Party, U.S.A., the Communist Political Association, the Young Communist League, or any Communist organization?"

"8. Are you now or have you ever been a member of any foreign or domestic organization, association, movement, group, or combination of persons which is totalitarian, Fascist, Communist, or subversive, or which has adopted, or shows, a policy of ad-

vocating or approving the commission of acts of force or violence to deny other persons their rights under the Constitution of the United States, or which seeks to alter the form of government of the United States by unconstitutional means?"

Because of plaintiff's failure to answer the two questions set out above, his application was not processed. He brought this suit seeking, in addition to the injunctive relief set forth above, an order requiring defendants to process his application.

Both sides have moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. The parties are in agreement as to the facts as stated in plaintiff's complaint, and the Court finds that there is no issue of fact to be decided, and that both motions are properly before the Court.

This Court is of the opinion that requiring plaintiff to answer questions 7 and 8 clearly violates his First Amendment rights. Such a conclusion is compelled by the recent Supreme Court case of Elfbrandt v. Russell, 384 U.S. 11, 86 S.Ct. 1238, 16 L.Ed.2d 321 (1966). Cf. Reed v. Gardner, 261 F.Supp. 87 (C.D. Cal.1966). By probing into protected as well as unprotected areas involving speech and association, these questions have a "chilling effect" on the exercise of First Amendment rights in that persons who desire federal employment will "think first" before joining any political organization.

The Government, relying on Konigsberg v. State Bar of California, 366 U.S. 36, 81 S.Ct. 997, 6 L.Ed.2d 105 (1961), argues that it can ask plaintiff the questions and require an answer as the first step in investigating whether plaintiff has been an active participant in unprotected activities. While it is strenuously urged by plaintiff that *Konigsberg* is no longer the law, we need not decide that question. *Konigsberg* involved a completely different situation than the one at hand. Much stress was laid on the fact that Konigsberg was seeking admission to the practice of law, and as the Court stated:

"It would indeed be difficult to argue that a belief, firm enough to be carried over into advocacy, in the use of illegal means to change the form of the State or Federal Government is an unimportant consideration in determining the fitness of applicants for membership in a profession in whose hands so largely lies the safekeeping of this country's legal and political institutions." 366 U.S. at 51–52, 81 S.Ct. at 1007.

Hence, First Amendment rights were "outweighed by the State's interest in ascertaining the *fitness of the employee for the post he holds.*" 366 U.S. at 52, 81 S.Ct. at 1008. [Emphasis added]. In the present case, plaintiff seeks employment as a postal clerk. The Government has not brought forth any significant federal interest which would necessitate the inquiry at hand. Indeed, the Government probably has no interest which would suffice to override the First Amendment rights here at issue. As aptly stated by Justice Douglas in Elfbrandt, supra, 384 U.S. at 17, 86 S.Ct. at 1241:

"Those who join an organization but do not share its unlawful purposes and who do not participate in its unlawful activities surely pose no threat, either as citizens or as *public employees.*" [Emphasis added].

Accordingly, plaintiff's motion for judgment on the pleadings is granted. Defendant's motion for judgment on the pleadings is denied.

Accordingly, the defendants are enjoined from demanding plaintiff to answer questions 7 and 8 printed on the federal employment application (CSC Form 3458);

And it is further ordered that defendants process plaintiff's application without requiring him to answer said questions 7 and 8 therein.

This opinion shall constitute Findings of Fact and Conclusions of Law. Plaintiff shall prepare and submit judgment in accordance with above opinion.